# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF WASHINGTON

In re:

**METROPOLITAN MORTGAGE & SECURITIES CO**

Debtor

**Summit Securities, Inc.**

Plaintiff

**John Hancock Mutual Life Insurance Company**

Defendant

Bankruptcy Case No: **04-00757-PCW11**

Adv. Proceeding No: **09-80160-PCW**

**MEMORANDUM DECISION RE: DEFENDANT JOHN BABCOCK'S MOTION FOR AN EXTENSION OF TIME FOR THE DEFENDANT TO FILE A MOTION FOR RECONSIDERATION**

On August 13, 2010, defendants John Babcock and John Hancock Mutual Life Insurance Company and plaintiffs signed a Stipulation Regarding the Order Continuing Plaintiffs' Motion for Summary Judgment/Setting Deadlines (Docket No. 72). All parties agreed to extend the deadline for Mr. Babcock to file responsive documentation regarding plaintiffs' pending Motion for Summary Judgment. The stipulated deadline was August 18, 2010. All parties also agreed in the stipulation that the previously scheduled hearing for Plaintiffs' Motion for Summary Judgement would take place on August 24, 2010 as scheduled, and that hearing did take place telephonically. Mr. Babcock did not appear.

On September 13, 2010, Mr. Babcock filed a Motion for an Extension of Time for the Defendant to File a Motion for Reconsideration (Docket No. 81). As Mr. Babcock is not represented by counsel, his Motion for an Extension of Time will be treated as a Motion for Reconsideration. A request for an extension of time or a request for reconsideration may not be filed later then fourteen (14) days after the court's decision. Fed. R. Bankr. P. 9023 and 9006(b)(2). The motion is untimely. Additionally, there so no indication that the opposing party was served with the motion.

As to the merits of the Motion for Reconsideration, the Court did not receive Mr. Babcock's responsive documentation concerning the Motion for Summary Judgment on or before August 18, 2010, despite the extension of time granted by the stipulation. On Friday, August 20, 2010, the Court received a phone call from a person identifying herself as a family member to Mr. Babcock. She told the Court that it would receive correspondence or pleadings from Mr. Babcock on that day. Nothing from Mr. Babcock arrived at the Court that day.

Had the Court received Mr. Babcock's correspondence per the phone call received on August 20, 2010, the Court would have considered his response. The Court would have considered Mr. Babcock's response even if it had been mailed on Wednesday, August 18, 2010, and received within the usual three (3) days for mailing, i.e., by August 23, 2010. However, nothing from Mr. Babcock had been received by the Court at the time of the hearing on Tuesday, August 24, 2010.

/ / /

/ / /

/ / /

/ / /

MEMORANDUM DECISION RE: DEFENDANT JOHN BABCOCK'S MOTION FOR AN EXTENSION OF TIME FOR THE DEFENDANT TO FILE A MOTION FOR RECONSIDERATION

09-80160-PCW    Doc 92    Filed 10/01/10    Entered 10/01/10 13:44:14    Pg 1 of 2

09-80160.ap.x.2.PCW.order.scho.2.1285955935.dmBz3WzP

Mr. Babcock further claims that he began to mail his response per the stipulation date of August 18, 2010. The stipulation agreed upon states that the response must be filed on August 18, 2010. (See Docket No. 72). If Mr. Babcock understood the stipulation to file the documents by the stipulated date to mean he was to mail the documents by the stipulated date he made an inexcusable mistake. As he declares that it takes several days to process his outgoing mail, Mr. Babcock knew he should have mailed his response well before the hearing date of August 24, 2010, and certainly before August 18, 2010. The history of this case reflects that Mr. Babcock has previously filed pleadings after the deadline to do so. Under Fed. R. Civ. P. 60(b)(1), a court may relieve a party from final judgment, order, or proceeding due to a mistake. Here, the Court finds the mistake to be inexcusable and will not vacate the Court's Order Granting Plaintiffs' Motion for Summary Judgment (Docket No. 78). Mr. Babcock's response to the Motion for Summary Judgment came after the hearing date where the Court had already made a determination concerning the Motion for Summary Judgment.

Therefore, defendant John Babcock's Motion for an Extension of Time for the Defendant to File a Motion for Reconsideration filed on September 13, 2010 (Docket No. 81) is DENIED and an order will be entered accordingly.

/s/ Patricia C. Williams
Patricia C. Williams
Bankruptcy Judge

10/01/2010 11:23:29